UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-2427-DMG (KSx) | Date | November 18, 2024 |
| Title | *Hanwha General Insurance Co., Ltd. v. James Worldwide, Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO ORANGE COUNTY SUPERIOR COURT**

On September 5, 2024, Plaintiff Hanwha General Insurance Co., Ltd. filed a Complaint in Orange County Superior Court against Defendant James Worldwide, Inc., alleging one cause of action for breach of agreement and one cause of action for negligent hiring and supervision. *See* Notice of Removal ("NOR"), Ex. A at 3 ("Compl.") [Doc. # 1-1].[1] On November 4, 2024, Defendant removed this action, invoking the Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Further, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C.] section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts that it is incorporated in and has its principal place of business in *California*, and that Plaintiff is a citizen of the Republic of Korea. NOR ¶¶ 4, 5. Accordingly,

---
[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-2427-DMG (KSx) | Date | November 18, 2024 |
|---|---|---|---|
| Title | *Hanwha General Insurance Co., Ltd. v. James Worldwide, Inc., et al.* | Page | 2 of 2 |

Defendant's invocation of the diversity jurisdiction statute has run afoul of 28 U.S.C. section 1441(b)(2).

Defendant is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Orange County Superior Court for improper removal. Defendant shall file a response by no later than **November 25, 2024. Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.**

**IT IS SO ORDERED.**